# United States Court of Appeals
## For the First Circuit

No. 07-2675

UNITED STATES OF AMERICA,

Appellee,

v.

PABLO RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Boudin, John R. Gibson,* and Howard,
Circuit Judges.

Martin J. Vogelbaum, with whom Charles P. McGinty and
Federal Defender Office, were on brief, for appellant.
Mark T. Quinlivan, Assistant United States Attorney, with
whom Michael J. Sullivan, United States Attorney, was on brief,
for appellee.

March 30, 2009

*Of the Eighth Circuit, sitting by designation.

HOWARD, **Circuit Judge**. This case presents a recurring issue: whether, for purposes of sentencing a defendant under the Armed Career Criminal Act (ACCA)[1], the charging language "did assault and beat" in a Massachusetts state court criminal complaint establishes, in the absence of any other cognizable source of information, that a defendant committed the type of assault and battery under Massachusetts law that qualifies as a "violent felony." See United States v. Holloway, 499 F.3d 114, 118 (1st Cir. 2007); see also id. at 116, 118 (recognizing that, under Massachusetts law, assault and battery may be of two separate types, "offensive" and "harmful" assault and battery, and that the latter type qualifies as a violent felony under the ACCA).

On four prior occasions we have determined that the "did assault and beat" charging language suffices to identify the "harmful" brand of assault and battery, qualifying the offense as a violent felony under the ACCA or a "crime of violence" under the career offender provision of the sentencing guidelines, U.S.S.G. § 4B1.1. Holloway, 499 F.3d at 118; United States v. Estevez, 419 F.3d 77, 82 (1st Cir. 2005); United States v. Santos, 363 F.3d 19, 24 (1st Cir. 2004); United States v. Mangos, 134 F.3d 460, 464 (1st Cir. 1998).[2]

_____

[1] 18 U.S.C. § 924(e).

[2] We have made clear that "the definitions of 'violent felony' in the ACCA and 'crime of violence' in U.S.S.G. § 4B1.1 are essentially the same, and that we may look to cases dealing with

On the basis of three prior Massachusetts assault and battery convictions, the sentencing court in this case classified the appellant, Pablo Rivera, as an armed career criminal under the ACCA. The district court relied on "did assault and beat" charging language in concluding that each of Rivera's three assault and battery convictions was for the "harmful," violent type of assault and battery.

In a familiar argument, Rivera says that this charging language is mere statutory boilerplate and thus fails sufficiently to establish that he was convicted of the violent type of assault and battery on those three prior occasions. As the district court recognized, we have rejected this precise argument on a number of occasions, most recently in Holloway. Id. at 118; Santos, 419 F.3d at 24. Nevertheless, on appeal Rivera seeks to distinguish this case from the previous ones. He notes that, unlike the other defendants, he presented to the district court affidavits from both a current and retired clerk in the Massachusetts state court, each of whom attested that the "did assault and beat" charging language is used in all assault and battery cases regardless of which type of assault and battery is being charged by the state.

Whatever evidentiary value these affidavits might have in the district court under other circumstances, Rivera's argument

_____

either to inform our categorical inquiry." Holloway, 499 F.3d at 188 (citations omitted).

to us is unavailing in light of binding precedent. Nothing in those decisions appears to leave open the argument Rivera presents. In fact, the opposite seems to be true. See Santos, 363 F.3d at 19 ("We do not agree with the Seventh Circuit's basic premise that 'boilerplate language' alleging an assault and battery under Massachusetts criminal law is insufficient to deem a subsequent conviction a crime of violence under § 4B1.2."). Moreover, Rivera has failed to identify a fresh development in the law that would allow us to disregard circuit precedent. See Holloway, 499 F.3d at 118.[3]

To be sure, classifying Rivera's three assault and battery convictions as violent felonies under the ACCA has significant sentencing consequences.[4] But, if we choose to depart from our previous position with respect to the charging language at issue here, we must do so as an en banc court.

**AFFIRMED.**

---

[3] Further, as we did in Holloway, Santos, and Mangos, we note that nothing in the record here suggests that any of Rivera's three convictions were for the "offensive" type of assault and battery. See Holloway, 499 F.3d at 118 n.5; Santos, 363 F.3d at 24; Mangos, 134 F.3d at 464.

[4] The classification of Rivera as an armed career criminal resulted in a statutory mandatory minimum of 180 months to 210 months. The district court sentenced Rivera to 180 months' imprisonment to be followed by five years of supervised release.