*Bakayoko v. Holder*

BIA
Vomacka, IJ
A088 186 018

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>CORRECTED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fifteen.

PRESENT:
>        RALPH K. WINTER,
>        GUIDO CALABRESI,
>        RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

FOULHEL SIDIKI BAKAYOKO,
>        *Petitioner,*

>    v.                                              13-3241
>                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*[1]

_____

FOR PETITIONER:            Andy Wong, New York, New York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**           Stuart F. Delery, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Juria L. Jones, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Foulhel Sidiki Bakayoko, a native and citizen of the Ivory Coast, seeks review of an August 7, 2013 decision of the BIA, which affirmed a February 9, 2012 decision of an Immigration Judge ("IJ") denying Bakayoko's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Foulhel Sidiki Bakayoko*, No. A088 186 018 (B.I.A. Aug. 7, 2013), *aff'g* No. A088 186 018 (Immig. Ct. N.Y. City Feb. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See*

2

8 U.S.C. § 1252(b)(4); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Bakayoko does not challenge the agency's denial of CAT relief, so we review only his asylum and withholding of removal claims.

## I. Timeliness of the Asylum Application

An asylum applicant must demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States," or must demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(B), (D). We lack jurisdiction to review the agency's finding that an applicant did not meet his burden to show timely filing, or its finding of neither changed nor extraordinary circumstances excusing the untimeliness. *Id.* § 1158(a)(3). We retain jurisdiction, however, to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

It is undisputed that Bakayoko entered the United States in 2001 and applied for asylum in 2008, well beyond the one-year filing deadline. Because Bakayoko challenges only the IJ's

3

finding that there were no extraordinary circumstances excusing the untimely filing of his asylum application, we are without jurisdiction to review the IJ's pretermission of his asylum application. *See* 8 U.S.C. § 1158(a)(3).

## II. Withholding of Removal

The agency also reasonably determined that Bakayoko failed to meet his burden to establish eligibility for withholding of removal. Withholding of removal under 8 U.S.C. § 1231(b)(3) is a mandatory form of relief that requires an applicant like Bakayoko, who does not allege past persecution, to show that it is more likely than not that his "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b).

The agency reasonably found that despite his credible testimony, Bakayoko did not establish a "clear probability" of persecution by either the Popular Ivorian Front ("FPI") or the Ivory Coast government. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Bakayoko has never been harmed or threatened in the Ivory Coast; the harm to Bakayoko's mother and brother occurred over 10 years ago; and there is no evidence

4

that anyone in his family has been harmed since then.  Indeed, Bakayoko asserts in his personal statement that his parents fled to Burkina Faso several years ago, which suggests that they are no longer a political threat and are unlikely to be targeted again.  Furthermore, although Bakayoko claims that he will be persecuted because of his Rally for Republicans ("RDR") membership, he was never an RDR member in the Ivory Coast, and he does not point to any evidence that anyone in the Ivory Coast is aware that he is a member of RDR's New York chapter.

Even if he were known to be an RDR member, the background evidence also shows that a regime change has occurred since Bakayoko left the Ivory Coast and that Alassane Ouattara, the head of Bakayoko's political party, is now in power.  Although the evidence reveals continuing and uncertain political turmoil, that turmoil does not demonstrate that Bakayoko will be targeted for harm on account of a protected ground.  *See Melgar de Torres v. Reno,* 191 F.3d 307, 314 n.3 (2d Cir. 1999).

The IJ also found that Bakayoko failed to corroborate his testimony, specifying several items that he could have submitted but did not.  For the first time on appeal, Bakayoko objects that the agency violated his right to due process by

5

not telling him what corroborating evidence was required prior to the IJ's oral decision.  But because the lack of corroborating evidence was only an additional ground, and because the IJ's decision was adequately supported by the finding that Bakayoko had not demonstrated a clear probability of persecution in light of the changed political situation in the Ivory Coast and the remoteness of the past actions against relatives, we need not reach the merits of this objection on appeal.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk