17-1107
Rivas-Aparicio v. Whitaker

BIA
Christensen, IJ
A206 005 981

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand nineteen.

PRESENT:
　　　　BARRINGTON D. PARKER,
　　　　RAYMOND J. LOHIER, JR.,
　　　　CHRISTOPHER F. DRONEY,
　　　　　　*Circuit Judges.*

_____

LUIS RENE DARWIN RIVAS-APARICIO,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　17-1107
　　　　　　　　　　　　　　　　　　　　NAC
MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

| | |
|---|---|
| FOR PETITIONER: | Anne Pilsbury, Central American Legal Assistance, Brooklyn, NY. |
| FOR RESPONDENT: | Chad A. Readler, Acting Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Luis Rene Darwin Rivas-Aparicio, a native and citizen of El Salvador, seeks review of a March 24, 2017, decision of the BIA affirming a June 16, 2016, decision of an Immigration Judge ("IJ") denying Rivas-Aparicio's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *Luis Rene Darwin Rivas-Aparicio,* No. A 206 005 981 (B.I.A. Mar. 24, 2017), *aff'g* No. A 206 005 981 (Immig. Ct. N.Y. City June 16, 2016). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, *i.e.*, minus the IJ's adverse credibility determination and the IJ's finding that torture was not likely to occur. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established: we review factual findings for substantial evidence and legal issues de novo.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Asylum and Withholding of Removal

To demonstrate eligibility for asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i) (asylum); see *id.* § 1231(b)(3)(A) (withholding); *see also In re C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (holding that the "one central reason" standard also applies to withholding of removal).  There may be "more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks and citations omitted).  "Where there are mixed motives for a persecutor's actions, an asylum applicant need not show with absolute certainty why the events occurred . . . only that the harm was motivated, in part, by an actual or imputed protected ground."  *Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008).  We review for substantial evidence

3

whether an applicant was targeted on account of group membership and review de novo the agency's application of a legal standard to established facts. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006).

Because the BIA assumed that Rivas-Aparicio's testimony was credible, we too assume its credibility. *See Yan Chen v. Gonzalez*, 417 F.3d 268, 271–72 (2d Cir. 2005). The IJ noted that Mara Salvatrucha ("MS-13") began to target Rivas-Aparicio after his wife began an affair with a gang member. Among other things, the gang members stole his business property, stayed at his home, and patrolled the area near his daughter's school. The IJ highlighted these problems to support his determination that the gang targeted Rivas-Aparicio because of a "personal vendetta," and not because of his membership in a particular social group.

This finding failed to consider material evidence supporting Rivas-Aparicio's claim that his persecution intensified after he reported the gang's crimes to police. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("We . . . require some indication that the IJ considered material evidence supporting a petitioner's claim."). For

4

example, Rivas-Aparicio testified that, a few days after he first went to the police, gang members beat him up, menaced him with a gun, and told him that he was "in trouble" because he called the police and took back his property. *See Acharya*, 761 F.3d at 297 (explaining that multiple bases for persecution can exist). He also testified about a later incident during which a gang member threatened his life because he had reported the gang's extortion attempt to police. Thus, his testimony, if deemed credible, demonstrated that the gang's assaults, threats, and extortion attempts occurred *after* his initial report to police, which could support a finding, under a mixed-motive analysis, that the gang targeted him for cooperating with the authorities. *See id.* at 298–300. Both Rivas-Aparicio's asylum application and supporting declaration corroborate these allegations. Because Rivas-Aparicio's allegations, assumed credible, could demonstrate that MS-13 targeted him, at least in part, because of his cooperation with police, the agency erred by not addressing the relevant record evidence. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (explaining that when important facts relevant to relief have been "totally

overlooked" an error of law has occurred). Accordingly, we remand to the BIA to apply a "mixed-motive analysis" to the pertinent evidence and determine whether Rivas-Aparicio's cooperation with police was one central reason for the gang's persecution. *See Aliyev*, 549 F.3d at 119. We also note that this remand provides an opportunity for the BIA to consider the IJ's adverse credibility determination. *See Yan Chen*, 417 F.3d at 275.

Because we order remand on this issue, we need not address Rivas-Aparicio's alternative argument that he presented a prima facie claim for asylum based on an imputed political opinion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

CAT Relief

An applicant for CAT relief must show that "it is more likely than not" that he will be tortured, but need not show any connection to a protected ground. 8 C.F.R. § 1208.16(c)(2); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). To constitute torture under the CAT, the likely

6

harm must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7). Cognizable acquiescence "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam*, 361 F.3d at 171. In assessing the likelihood of torture, "all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [e]vidence of past torture," the possibility of relocation within the country, "[e]vidence of gross, flagrant or mass violations of human rights . . . and . . . relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). To meet his burden of proof, an applicant for CAT relief must establish that someone in his "particular alleged circumstances" is more likely than not to be tortured

7

in the country designated for removal. *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

The agency did not err in determining that Rivas-Aparicio failed to demonstrate that the Salvadoran government will more likely than not acquiesce to his torture by MS-13 gang members. Rivas-Aparicio concedes that the police helped him recover some of his stolen property, identify the perpetrator of an anonymous extortion attempt, and escape from gang members who were chasing him. But he argues, without citations to the record, that the "majority of the record" demonstrates government acquiescence in torture. This argument is conclusory and does not support the CAT claim. And Rivas-Aparicio's assertion that police officers "may have given" his cell phone number to the gang member who called him after he changed his number is too speculative to establish cognizable acquiescence. *Khouzam*, 361 F.3d at 171 (requiring knowledge of or willful blindness to torture). Finally, the BIA was not required to further explain its determination that general evidence of gang violence and police corruption in El Salvador does not establish that the government would acquiesce to Rivas-Aparicio's torture. *See Mendez*, 566 F.3d

8

at 323 (The BIA is not required to "explicitly consider[]" each item of evidence or even describe it perfectly).

For the foregoing reasons, the petition for review is GRANTED in regard to asylum and withholding of removal and the case is remanded to the agency. The petition for review is DENIED insofar as it seeks relief under the CAT.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
</pre>