Maldonado v. Barr

BIA
Vomacka, IJ
A029 132 723/071 591 727

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of June, two thousand nineteen.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　ROSEMARY S. POOLER,
　　　　GERARD E. LYNCH,
　　　　　　*Circuit Judges.*
_____

RAMIRO MALDONADO, ADELMA MALDONANDO,
　　　　*Petitioners,*

　　　v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

17-1631
NAC

| | |
|---|---|
| **FOR PETITIONERS:** | E. Abel Arcia, Law offices of Arcia & Associates, Jackson Heights, NY. |
| | |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of |

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ramiro Maldonado and Adelma Maldonando, natives and citizens of Guatemala, seek review of April 20, 2017 and September 22, 2011, decisions of the BIA reversing an August 24, 2009, decision of an Immigration Judge ("IJ") granting Ramiro Maldonado's application for asylum, and affirming a February 24, 2016, order of removal. *In re Ramiro Maldonado and Adelma Maldonando,* No. A029 132 723/071 591 727 (B.I.A. Sept. 22, 2011 and Apr. 20, 2017), *rev'g* No. A029 132 723/071 591 727 (Immig. Ct. N.Y. City Aug. 24, 2009 and Feb. 24, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA reversed the IJ's grant of asylum, we have reviewed the BIA's ruling as the final agency decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See*

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and the application of law to undisputed facts de novo).

The BIA did not err in reviewing de novo whether Maldonado's kidnapping rose to the level of persecution. Whether the harm that an asylum applicant has suffered rises to the level of persecution is a legal question that the BIA may review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2007) (concluding that whether harm rose to the level of persecution "involves the application of a legal standard to established facts" and is subject to de novo review). Maldonado's reliance on *Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012), is misplaced. In *Hui Lin Huang*, we held that the IJ's finding of the likelihood of a future event is a finding of fact that the BIA may review only for clear error. 677 F.3d at 131. But this was not the issue in Maldonado's case. The dispositive issue before the BIA was whether the stated harm rose to the level of persecution, and that issue involves an application of law to fact that was subject to de novo review.

3

*Edimo-Doualla*, 464 F.3d at 282; *see also Alom v. Whitaker*, 910 F.3d 708, 712 (2d Cir. 2018) (reiterating that BIA reviews de novo whether facts meet legal standard).

Furthermore, the BIA did not err in determining that the kidnapping did not constitute past persecution. While the Immigration and Nationality Act does not define persecution, *see Baba v. Holder*, 569 F.3d 79, 85 (2d Cir. 2009), the BIA has defined it as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive," *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341; *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

Maldonado claimed that in 1996 he was held for four hours by guerillas who threatened him and screamed at him, but that

4

he was released when the guerillas saw some army trucks. He argues that the BIA erred because a single incident can be persecution and the BIA failed to explain how it concluded that the kidnapping was not persecution. However, the BIA relied both on the fact that the kidnapping was the only incident and that Maldonado was released without any harm. Maldonado's allegation of emotional and psychological harm does not alone establish that the incident rises to the level of persecution. *See Ivanishvili*, 433 F.3d at 341 (explaining that harassment includes actions that cause, inter alia, "substantial emotional distress." (citation omitted)).

Here, the context of the kidnapping does not support a finding of the level of harm required to find persecution: Maldonado was held for only four hours, he did not know why he was taken, he alleged but did not describe threats, and he alleged no physical mistreatment. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (holding that agency must consider context in determining whether harm rises to the level of persecution). Furthermore, Maldonado did not testify that he feared that he would be killed during the 1996 kidnapping. *Cf. Delgado v. Mukasey*, 508 F.3d 702, 708

5

(2d Cir. 2007). Accordingly, given the context, including the short duration and lack of physical harm, the BIA did not err in concluding that this single incident did not constitute past persecution. *See Beskovic*, 467 F.3d at 226.

That the level of harm did not rise to the level of past persecution is dispositive of Maldonado's asylum claim. Maldonado argues that he merits humanitarian asylum. However, past persecution is a requirement for that relief. 8 C.F.R. § 1208.13(b)(1)(iii). Because the issue of whether the harm rises to the level of past persecution is dispositive of asylum, we do not reach the BIA's alternative conclusion that any past harm was not on account of a protected ground. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6