Wang v. Barr

BIA
Hom, IJ
A205 221 760

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand nineteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

RI QIU WANG,
> *Petitioner,*

> v.                                         17-3647
>                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ri Qiu Wang, a native and citizen of the People's Republic of China, seeks review of an October 13, 2017, decision of the BIA affirming an October 17, 2016, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ri Qiu Wang,* No. A 205 221 760 (B.I.A. Oct. 13, 2017), *aff'g* No. A 205 221 760 (Immig. Ct. N.Y. City Oct. 17, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because the BIA assumed credibility, we assume credibility as to past events and Wang's subjective fear of future harm. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d

510, 513 (2d Cir. 2009).

Wang became a Christian while in the United States and alleged a fear of persecution in China because she would continue to practice Christianity if removed. Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). The applicant must "present credible testimony that [s]he subjectively fears persecution and establish that h[er] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either "a reasonable possibility . . . she would be singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting individuals "similarly situated" to her. 8 C.F.R. § 1208.13(b)(2)(iii). Where, as here, an alien expresses a fear based on activities undertaken in the United States, she "must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir. 2008). In the asylum context, the applicant has the burden of showing a

3

"reasonable possibility" that the authorities will become aware of the activities and target her for persecution as a result. *Id.* at 142-43.

Wang failed to establish a reasonable possibility that she would be singled out for persecution on account of her practice of Christianity. Wang alleged that the Chinese government is aware of her practice of Christianity because she communicated with a friend in China through the internet about her evangelizing activities and the Chinese government screens information on the internet. However, the agency was not required to accept this assertion as Wang also testified that her social media account was not suspended and that none of her relatives had been visited by the Chinese government. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("even if we accept Y.C.'s suggestion that the Chinese government is aware of every anti-Communist or pro-democracy piece of commentary published online—which seems to us to be most unlikely—her claim that the government would have discovered a single article published on the Internet more than eight years ago is pure speculation").

Furthermore, the BIA's conclusion that her claim was speculative is reasonable because she did not provide detail

4

about how she would find a church that "really evangelizes" in China or what her evangelical activities there would entail. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Additionally, the country conditions evidence reflects that the treatment of Christians varies throughout China and does not indicate that individuals are arrested and harmed for evangelizing in Wang's home province of Shandong. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165–66, 174 (2d Cir. 2008) (finding that the BIA does not err in requiring localized evidence of persecution when the record reflected wide variances in how policies are understood and enforced throughout China). A 2011 State Department Report discussed one village in Shandong Province, where authorities, "broke up preparations for an outdoor Christmas celebration, reportedly . . . injuring worshippers," but the record does not otherwise reflect arrests or persecution in Shandong Province for publicly evangelizing. Furthermore, the agency's conclusion that Chinese authorities were unlikely to become aware of Wang's Christianity was reasonable because according to the 2015 State Department Report, there are an

estimated 68 million Protestant Christians in China, only 23 million of whom are affiliated with a government-sponsored church.

For largely the same reasons, the agency did not err in determining that Wang failed to establish a pattern or practice of persecution of similarly situated individuals such that there was a reasonable possibility that officials would become aware of her religious practice and persecute her on that account. *See Hongsheng Leng*, 528 F.3d at 143. To establish a pattern or practice of persecution of a particular group, an applicant must demonstrate that the harm to that group is "systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007).

The agency reasonably concluded that the Chinese government is more likely to target church leaders and, as previously discussed, there is no country conditions evidence of persecution of individuals who publicly evangelize in Shandong Province apart from the one incident described in the 2011 State Department Report. The remaining evidence mainly details incidents involving church leaders, not church members. *See Jian Hui Shao*, 546 F.3d at 165-66, 174. And

6

the descriptions of incidents involving church members, including that individuals were "dispersed by force" at one event, injured at an outdoor Christmas celebration, and the closings of unregistered churches, were insufficient to conclude that individuals were persecuted. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

Wang argues that the agency improperly required her to demonstrate a pattern or practice of persecution in her district, rather than in the province as a whole. However, as set out above, considering Shandong Province generally, the evidence does not demonstrate the systemic or pervasive persecution of individuals participating in unregistered churches. *See In re A-M-*, 23 I. & N. Dec. at 741. Given the nationwide variation and the dearth of documented persecution of individual members of unregistered churches in Wang's home province, the agency reasonably concluded that Wang failed to establish a pattern or practice of persecution of similarly-situated individuals. *See Jian Hui Shao*, 546 F.3d at 165–66, 174; *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1

7

(2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim); *In re A-M-,* 23 I. & N. Dec. at 741.

Accordingly, because Wang failed to demonstrate the well-founded fear of persecution needed for asylum, the agency did not err in finding that she failed to meet the higher standard for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
