Tusa-Guaylla v. Garland

BIA
Sichel, IJ
A205 309 690

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

NESTOR TUSA-GUAYLLA,
> *Petitioner,*

v.                                                                              23-6106

                                                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Judy Resnick, Law Office of Judy Resnick, Far Rockaway, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Andrea Gevas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nestor Tusa-Guaylla, a native and citizen of Ecuador, seeks review of a January 3, 2023, decision of the BIA affirming an August 6, 2019, decision of an Immigration Judge ("IJ") denying his application for withholding of removal.[1] *In re Nestor Tusa-Guaylla*, No. A205 309 690 (B.I.A. Jan. 3, 2023), *aff'g* No. A205 309 690 (Immig. Ct. N.Y. City Aug. 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings under the substantial evidence standard and questions

---

[1] Tusa-Guaylla's claims for cancellation of removal, asylum, and relief under the Convention Against Torture ("CAT") are not before us because he has not raised them in his brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Withholding of removal is unavailable if an "alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). The particularly serious crime determination is a two-step process. "First, the adjudicator considers whether the elements of the offense potentially bring the crime into a category of particularly serious crimes." *Ojo v. Garland*, 25 F.4th 152, 165 (2d Cir. 2022) (quotation marks omitted). "[O]nce the elements of the offense are examined and found to potentially bring the offense within the ambit of a particularly serious crime, all reliable information may be considered in making a particularly serious crime determination, including the conviction records and sentencing information." *Id.* (quotation marks omitted). The agency considers "(1) the nature of the conviction, (2) the circumstances and underlying facts of the conviction, [and] (3) the type of sentence imposed." *Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008) (quotation marks omitted); *see also Ahmetovic v. INS*, 62 F.3d 48, 53 (2d Cir. 1995) (deferring to the BIA's interpretation that the statute does

not require a separate evaluation of whether the noncitizen is a danger to the community).

The agency did not err in concluding that Tusa-Guaylla's 2013 assault conviction was particularly serious. Tusa-Guaylla was convicted of third-degree assault in violation of New York Penal Law § 120.00(1): "A person is guilty of assault in the third degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person." The agency did not err in finding that the elements of § 120.00(1) potentially fell within the ambit of a particularly serious crime, reasoning that assault is a crime against a person, which is more likely to be particularly serious than crimes against property, and it requires an intent to injure. *See Ojo*, 25 F.4th at 165–66 (discussing difference between crimes against person and crimes against property).

"The ultimate decision to categorize an offense as a particularly serious crime after weighing relevant facts is a matter of discretion." *Ojo*, 25 F.4th at 165. But "whether the IJ applied the correct legal standard in making his determination is a matter of law." *Id.* (citing *Nethagani*, 532 F.3d at 154–55). We find no error here. The agency considered the nature of the crime (assault with intent to injure), as well as the nature and circumstances of the offense—that Tusa-Guaylla, in violation of an order of protection, broke into his partner's home by breaking a

4

window and assaulted a man he found with her. And the agency considered that he was sentenced to five months of imprisonment. *See Nethagani*, 532 F.3d at 155 (agreeing with particularly serious crime determination where petitioner had been sentenced to several months in prison and five years of probation).

Because Tusa-Guaylla was ineligible for withholding of removal on this basis, we need not reach the agency's alternative determination that he failed to establish a likelihood of persecution. *See* 8 U.S.C. § 1231(b)(3); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Tusa-Guaylla also argues that the agency's denial of withholding was contrary to law, amounting to a denial of due process, but he points to no error in the procedures followed by the agency. His complaint amounts to disagreement with the agency's merits determination and therefore falls short of a due process claim. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present . . . claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court