22-6488
Ixcoy Sica v. Bondi

BIA
Ruehle, IJ
A209 449 661

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-five.

PRESENT:
  RAYMOND J. LOHIER, JR.,
  WILLIAM J. NARDINI,
  MYRNA PÉREZ,
   *Circuit Judges.*
_____

RAUL SEBASTIAN IXCOY SICA,
  *Petitioner,*

  v.            22-6488

               NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*
_____

FOR PETITIONER:    Samuel Iroegbu, Esq., Albany, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Anna E. Juarez, Senior Litigation Counsel; Lynda A. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Raul Sebastian Ixcoy Sica, a native and citizen of Guatemala, seeks review of a September 7, 2022 decision of the BIA affirming a June 14, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Raul Sebastian Ixcoy Sica*, No. A 209 449 661 (B.I.A. Sept. 7, 2022), *aff'g* No. A 209 449 661 (Immig. Ct. Buffalo June 14, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the grounds for denying relief that the BIA did not rely on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review fact-finding under the substantial evidence standard, and we review questions of law and the application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d

2

510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Ixcoy Sica alleged that, in 2006, MS-13 members attempted to recruit him on three separate occasions, but he refused each time. During the third and final incident, when he again refused to join MS-13, one man took out a gun and told him they would kill his family if he did not join and another man hit him in the face; Ixcoy Sica was not injured and did not require medical attention. Following this incident, Ixcoy Sica and his family moved five hours away to a different state in Guatemala, where they lived for two months before he came to the United States. He testified that his family then moved back to their home, where gang members still ask about him.

An asylum applicant has the burden to establish that he has suffered past persecution or has a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b). The agency reasonably concluded that Ixcoy Sica did not suffer harm rising to the level of persecution or meet his burden to establish that he could not avoid future persecution by relocating within Guatemala.

3

The threats do not rise to the level of persecution because the gang members did not take steps to act on their threats and Ixcoy Sica did not sufficiently allege that the gang members had killed others like him who refused to join them. *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 406–07 (2d Cir. 2014) (unfulfilled threats are generally insufficient to establish past persecution); *see also KC v. Garland*, 108 F.4th 130, 136 (2d Cir. 2024) ("[D]eath threats . . . will constitute past persecution only if the applicant can point to aggravating circumstances indicating that the death threat was so imminent or concrete or so menacing as itself to cause actual suffering or harm." (quotation marks omitted)).

Ixcoy Sica alleged that he was struck once in the face during his final interaction with the gang members. While a past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006). The IJ reasonably concluded that the threats and this single incident of physical abuse did not rise to the level of persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment

4

our society regards as offensive." (quotation marks omitted)). Although "violent conduct generally goes beyond the mere annoyance and distress that characterize harassment," *Ivanishvili*, 433 F.3d at 342, Ixcoy Sica's physical abuse did not occur in the context of an arrest or detention, and he did not allege injury or require medical attention, *see Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (noting that beatings, even in the context of a detention on account of a protected ground, do not "constitute[] persecution *per se*").

Absent past persecution, and because his fear was of private actors, rather than state actors, Ixcoy Sica had the burden to establish "that it would not be reasonable for him . . . to relocate." 8 C.F.R. § 1208.13(b)(3)(i).[1] He testified that he could not relocate because MS-13 "is everywhere."[2] However, following his interactions with the gang in 2006, he and his family relocated to a neighboring

---

[1] The citations are to the regulations at the time of the IJ's decision. *See Garcia v. Garland*, 64 F.4th 62, 67 n.3 (2d Cir. 2023) ("This opinion relies on . . . the operative regulations at the time of the IJ and BIA decisions in this case . . . .").

[2] At his hearing, Ixcoy Sica raised concerns that he could not afford to relocate within Guatemala. While economic feasibility is a factor an IJ can consider in a relocation inquiry, Ixcoy Sica does not raise the issue on appeal. *See* 8 C.F.R. §§ 1208.13(b)(3) (asylum), 1208.16(b)(3) (withholding of removal) (setting out a "totality of the circumstances" inquiry for relocation), 8 C.F.R. § 1208.16(c)(3) (CAT) (directing an IJ to consider "all evidence relevant to the possibility of future torture," including "whether relocation within the country is possible").

state in Guatemala for two months and had no further issues. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best"). Ixcoy Sica argues that the country conditions evidence establishes "the impunity in which [the] Gang operates." However, "an applicant . . . cannot simply point to general country-conditions evidence without showing how that evidence compels the conclusion that a person in the applicant's particular circumstances would be unable to relocate to avoid persecution." *Singh v. Garland*, 11 F.4th 106, 116 (2d Cir. 2021) (quotation marks omitted)). Given Ixcoy Sica's burden to demonstrate that he could not safely relocate within Guatemala, his previous safe relocation is sufficient support for the agency's conclusion that he failed to meet his burden. *See* 8 C.F.R. § 1208.13(b)(3)(i).

Ixcoy Sica's ability to relocate is dispositive of his claims for asylum, withholding of removal, and CAT protection. *See* 8 C.F.R. §§ 1208.13(b)(3)(i), 1208.16(b)(3)(i), (c)(2), (c)(3)(ii); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that an applicant who fails to demonstrate the chance of persecution required for asylum "necessarily fails to demonstrate the 'clear probability of future persecution' required for withholding of removal, and the 'more likely than

6

not' to be tortured standard required for CAT relief" (quotation marks and citations omitted)).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court